2008 WY 76

### BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,

v.

### William Daniel ELSOM, Attorney No. 5–2785, Respondent.

### No. D–07–0004.

Supreme Court of Wyoming.

July 3, 2008.

### ORDER SUSPENDING ATTORNEY FROM THE PRACTICE OF LAW

[¶ 1] **This matter** came before the Court upon the "Findings of Fact, Conclusions of Law and Recommendation for Reinstatement," filed herein June 4, 2008, by the Board of Professional Responsibility for the Wyoming State Bar. After a careful review of the Board of Professional Responsibility's "Findings of Fact, Conclusions of Law and Recommendation for Reinstatement;" the transcript from the Board's April 22, 2008, hearing in this matter; and the file, this Court finds as follows.

1. On July 27, 2006, this Court, acting pursuant to Rule 10(e) of the Rules of the Wyoming State Board of Continuing Education, suspended Respondent William Daniel Elsom from the practice of law, due to his failure to comply with the continuing legal education (CLE) requirements contained in Rule 4 of those rules.

2. On October 5, 2006, a "Judgment in a Criminal Case" was entered in the case of *United States of America v. William D. "Dan" Elsom*, Case Number 05–DR–231–02J in the United States District Court for

the District of Wyoming. In that judgment, Mr. Elsom was convicted of conspiracy to commit sales of unregistered securities, a felony under federal law. See 18 U.S.C. § 371; 15 U.S.C. § 77e(a)(2); 15 U.S.C. § 77x; and 18 U.S.C. § 3559(a).

3. This Court was not formally apprised of Mr. Elsom's conviction until August 30, 2007, when Bar Counsel filed a "Notice of Filing of Judgment."

4. On September 25, 2007, this Court, acting pursuant to Section 18 of the Disciplinary Code for the Wyoming State Bar, suspended Mr. Elsom from the practice of law, following conviction of a "serious crime." See Section 3(y)(i) (Defining "Serious Crime" as "Any felony"). Under Section 18, when a judgment of a serious crime is filed with this Court, this Court is required to "enter an order immediately suspending the attorney, pending final disposition in a disciplinary proceeding."

5. The Board of Professional Responsibility conducted disciplinary proceedings, and it also considered Mr. Elsom's request for reinstatement. In the present "Findings of Fact, Conclusions of Law and Recommendation for Reinstatement," the Board of Professional Responsibility (Board) recommends that Respondent Elsom be reinstated to the practice of law. The Board concluded that Mr. Elsom "has been suspended from the practice of law for nearly two years. No further disciplinary action against [Mr. Elsom] is required or recommended."

6. This Court agrees with the Board's implicit conclusion that a two-year suspension is the appropriate discipline in this matter. However, this Court differs with the Board with respect to how that period of suspension should be measured. This Court finds that the two-year suspension should be measured from September 25, 2007, the day this Court, acting pursuant to Section 18 of the Disciplinary Code, suspended Mr. Elsom from the practice of law. Therefore, this Court finds that it must reject the Board's recommendation to reinstate Mr. Elsom.

7. The Court also finds that it should comment on Mr. Elsom's CLE suspension.

As of this writing, the Board of Continuing Legal Education has not recommended that Mr. Elsom be reinstated from his CLE suspension. See Rule 12 of the Rules of the Wyoming State Board of Continuing Education. Before Mr. Elsom can be fully reinstated to the practice of law, he must also resolve, as a separate matter, his CLE suspension.

[¶ 2] **IT IS, THEREFORE, ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Findings of Fact, Conclusions of Law and Recommendation for Reinstatement, which is attached hereto and incorporated herein, shall be, and the same hereby is, adopted in part and rejected in part, as noted above; and it is further

[¶ 3] **ADJUDGED AND ORDERED** that, as a result of his felony conviction, Respondent William Daniel Elsom shall be, and hereby is, suspended from the practice of law for a period of two years, with that period of suspension beginning on September 25, 2007, the day this Court, acting pursuant to Section 18 of the Disciplinary Code for the Wyoming State Bar, suspended Mr. Elsom from the practice of law; and it is further

[¶ 4] **ORDERED** that, on or before September 30, 2008, William Daniel Elsom shall reimburse the Wyoming State Bar the amount of $3,095.54, representing the costs of the Board's hearing in this matter; and it is further

[¶ 5] **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Suspending Attorney from the Practice of Law, along with the incorporated Findings of Fact, Conclusions of Law and Recommendation for Reinstatement, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 6] **ORDERED** that the Clerk of this Court shall docket this Order Suspending Attorney from the Practice of Law, along with the Findings of Fact, Conclusions of Law and Recommendation for Reinstatement, as a matter coming regularly before this Court as a public record; and it is further

[¶ 7] **ORDERED** that the Clerk of this Court transmit a copy of this Order Suspending Attorney from the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 2nd day of July, 2008.

**BY THE COURT:**

/s/Barton R. Voigt

BARTON R. VOIGT

Chief Justice

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY

WYOMING STATE BAR

STATE OF WYOMING

In the matter of WILLIAM DANIEL ELSOM WSB attorney No. 5-2785

Docket No. 2005-34

*FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION FOR REINSTATEMENT*

The matter came on before the Board of Professional Responsibility on April 23, 2008 in Cheyenne, Wyoming on William Daniel Elsom's Petition to Lift Suspension and for Reinstatement to the practice of law in Wyoming. Joe M. Teig, Chairman of the Board of Professional Responsibility, presided at the hearing as the hearing officer. All members of the Board were present in person, including Joe M. Teig, Richard H. Honaker, William H. Twichell, Francis E. Stevens, Kennard F. Nelson, Katherine H. Tomassi, and Ann Robinson. Rebecca Lewis appeared representing the Wyoming State Bar and Stephen H. Kline appeared representing Petitioner, William Daniel Elsom (hereinafter sometimes referred to as "Elsom"). The witnesses John Olive, Senior U.S. Probation Officer, and William Daniel Elsom appeared in person. The Board, having heard the testimony of the witness and reviewed the exhibits presented at the hearing and being otherwise fully advised concerning the matter, unanimously make the following findings of fact and conclusions of law.

*FINDINGS OF FACT*

Based on the testimony presented at the Hearing, the Board finds the following facts have been established by clear and convincing evidence:

1. William Daniel Elsom is an attorney licensed to practice law in the states of Colorado, Texas and Wyoming, and he has been licensed to practice law in those states since 1991. Prior to the suspensions in Wyoming which are the subject matter of the Hearing in this matter, Petitioner has not been the subject of any disciplinary action in any state in which he has been or currently is licensed. During all relevant times, Elsom has lawfully continued the practice of law in the State of Texas.

2. Petitioner's license to practice law in the State of Wyoming was suspended by the Supreme Court of the State of Wyoming on July 27, 2006 pursuant to Rule 10(e) of the Rules of the Wyoming State Board of Continuing Education for failure to comply with the requirements for continuing legal education contained in Rule 4 of those Rules. Petitioner is presently fully in compliance with those rules.

3. On September 29, 2006, Petitioner was convicted of Conspiracy to Sell an Unregistered Security, in violation of 18 U.S.C. § 361. He was sentenced to four months home confinement and to three years probation by the District Court for the Federal District of Wyoming. The Federal District Court terminated Elsom's probation on October 1, 2007, approximately two years early.

4. In addition to the suspension set forth in paragraph 2 above. Petitioner was mandatorily suspended from the practice of law in Wyoming on September 25, 2007 pursuant to Section 18 of the Disciplinary Code following his felony conviction.

5. Petitioner has not held himself out to be a practicing member of the Bar of the State of Wyoming since his suspension set forth in Paragraph 2 above. On March 25, 2008, the Petitioner filed a Petition to Lift Suspension and for Reinstatement pursuant to Sections 18 and 19 of the Disciplinary Code and sought a formal hearing in that regard. A hearing was held before the

Board of Professional Responsibility on April 23, 2008 concerning Elsom's Petition. The parties and the Board of Professional Responsibility agreed prior to the hearing that the Petition was also being held pursuant to Section 24(g) of the Disciplinary Rules and that the hearing by the Board covered the issues raised by both suspensions. The Board of Professional Responsibility has Jurisdiction to hear the Petition to Lift Suspension and for Reinstatement consistent with Sections 18 and 24(g) of the Disciplinary Code for the Wyoming State Bar.

6. Senior U.S. Probation Officer, John Olive, who exhaustively investigated the circumstances surrounding Petitioner's plea, was called as a witness at the hearing. Mr. Olive's testimony, as well as that of Mr. Elsom, disclosed that the criminal charge arose from Petitioner's sale of stock in. ProDrill Services, Inc. (sometimes hereinafter referred to as "ProDrill"), which is a company which owned the rights to patents to drilling technology that was, and is, potentially viable technology. The crime to which Petitioner pled was a crime that does not require proof of a scienter or any intent to defraud potential purchasers. Mr. Olive's investigation turned up no evidence that Petitioner ever misrepresented the drilling technology to potential purchasers or misrepresented the company's potential for the company to make money. Mr. Olive testified that he found no evidence during his investigation of any attempt by Petitioner to defraud potential investors. In fact, the United States still believes that the investors may receive a return on their investment once the technology is refined, and the United States does not contend that there were any victims of Petitioner's crime. The Federal District Court also did not order restitution from Elsom or require his rehabilitation.

7. The principal owner of ProDrill was Hal Curlett (hereinafter sometimes referred to as "Curlett") who held the patents on the drilling technology. Elsom met Curlett through a referral to Petitioner's law practice from his banker. Eventually, Elsom was hired by Curlett as a consultant to sell stock in ProDrill. During the period of time in which Petitioner promoted the sale of the unregistered stock, he was not acting as an attorney for the company.

8. Elsom has never held himself out to be a practitioner with expertise in the area of securities law. Curlett and ProDrill hired a securities lawyer in the State of Texas whose role was to advise the company concerning securities matters. Elsom relied on the Texas securities lawyer and Curlett for advice concerning securities matters. Once Petitioner received notice that there might be a problem with the marketing of the securities due to the fact that they were unregistered, Petitioner made no more attempts to sell ProDrill stock to potential new purchasers and instead was instrumental in causing the patents to be sold and the investors interests to be protected should the present owner of the patents be successful in marketing the technology commercially.

9. Petitioner's legal practice involves the representation of clients on issues of taxation and estate planning, areas in which it is undisputed that he has the knowledge and expertise to competently practice his profession. Petitioner has never been the subject of any disciplinary action by any bar or court other than the suspensions by the State Bar of Wyoming set forth above.

10. To date, Plaintiff's criminal conviction has not led to discipline by the bars of the states of Colorado or Texas, and Petitioner has complied with all the requirements imposed by the Federal District Court.

11. There was no element of scienter involved in the offense resulting in Elsom's conviction.

### *CONCLUSIONS OF LAW*

1. The acts resulting in Elsom's conviction were not related to the practice of law, and he did not commit a criminal act which reflects adversely on his honesty, trustworthiness, or fitness as a lawyer. He did not engage in dishonesty, fraud or deceit or engage in conduct which was prejudicial to the administration of justice. Elsom did not engage in misconduct as that term is defined by Rule 8.4 of the Rules of Professional Conduct.

2. Pursuant to Section 18 of the Disciplinary Code of the Wyoming State Bar, Petitioner is eligible for reinstatement in that his resumption of the practice of law in Wyoming will not be detrimental to the administration of justice or to the public interest.

3. Pursuant to Section 24(g) of the Disciplinary Code for the Wyoming State Bar. Petitioner is also eligible for reinstatement. Petitioner has expressed remorse for his actions and to the extent that there is a need for rehabilitation, he has been rehabilitated. He has substantially complied with all of the rules of this Court and of the Federal District Court overseeing his conviction. The resumption of the practice of law will not be detrimental to the administration of justice and the public interest.

4. The Board of Professional Responsibility specifically finds that Petitioner has met his burden to show by clear and convincing evidence that he has the character and fitness to practice law in Wyoming pursuant to Rule 401 of the Wyoming Rules and Procedures Governing Admission to the Practice of Law. He is competent to practice law in Wyoming and is willing to act in accordance with the standards set forth in the Wyoming Rules of Professional Conduct and to act fairly, honestly, reasonably and with unquestionable integrity in all matters in which he acts as an attorney at law.

5. Petitioner has been suspended from the practice of law for nearly two years. No further disciplinary action against Petitioner is required or recommended.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

Based on the foregoing Findings of Fact and Conclusions of Law, which were proven by clear and convincing evidence, the Board of Professional Responsibility concludes that Petitioner is eligible to be reinstated to the practice of law and recommends that the Wyoming Supreme Court reinstate Elsom's license to practice law in the State of Wyoming.

In addition, the Board recommends that Elsom be required to pay the costs of the reinstatement hearing in the amount of $3,095.54.

Dated this the 27th day of May, 2008.

/s/Joe M. Teig
Joe M. Teig