2010 WY 50

## BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR, Petitioner,

v.

## William Daniel ELSOM, Attorney No. 5–2785, Respondent.

### No. D–07–0004.

Supreme Court of Wyoming.

April 22, 2010.

### ORDER LIFTING DISCIPLINARY SUSPENSION AND ORDER DENYING REINSTATEMENT TO THE PRACTICE OF LAW

[¶ 1]  **This matter** came before the Court upon the "Supplemental Findings of Fact and Conclusions of Law," filed herein March 26, 2010, by the Board of Professional Responsibility for the Wyoming State Bar. In its Supplemental Findings, the Board of Professional Responsibility (BPR) recommends that William Daniel Elsom should be reinstated to the practice of law. This Court agrees with the BPR that Mr. Elsom has satisfied the terms of his disciplinary suspension. However, this Court cannot agree that Mr. Elsom should be reinstated to the practice of law, because there is no indication that Mr. Elsom has resolved his CLE suspension.

[¶ 2]  In this Court's July 3, 2008 "Order Suspending Attorney from the Practice of Law," this Court included the following comment:

7.  The Court also finds that it should comment on Mr. Elsom's CLE suspension. As of this writing, the Board of Continuing Legal Education has not recommended that Mr. Elsom be reinstated from his CLE suspension. See Rule 12 of the Rules of the Wyoming State Board of Continuing Education. Before Mr. Elsom can be fully reinstated to the practice of law, he must also resolve, as a separate matter, his CLE suspension.

*Bd. of Prof'l Responsibility, Wyo. State Bar v. Elsom,* 2008 WY 76, ¶ 1, 187 P.3d 358, 359 (Wyo.2008).

[¶ 3]  After a careful review of this matter, this Court finds that Mr. Elsom has not resolved his CLE suspension. This Court has not received a positive recommendation from the Wyoming State Board of Continuing Legal Education. See Rule 12(c), Rules of the Wyoming State Board of Continuing Legal Education. It is, therefore,

[¶ 4]  **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Supplemental Findings of Fact and Conclusions of Law, which is attached hereto and incorporated herein, shall be, and the same hereby is, adopted in part and rejected in part, as noted above; and it is further

[¶ 5]  **ADJUDGED AND ORDERED** that the disciplinary suspension against Respondent Elsom shall be, and hereby is, lifted, effective this date; and it is further

[¶ 6]  **ADJUDGED AND ORDERED** that, due to Mr. Elsom's continuing suspension for failing to comply with the continuing legal education requirements, Mr. Elsom cannot be reinstated to the practice of law at this time; and it is further

[¶ 7]  **ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order Lifting Disciplinary Suspension and Order Denying Reinstatement to the Practice of Law, along with the incorporated Supplemental Findings of Fact and Conclusions of Law, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 8]  **ORDERED** that the Clerk of this Court shall docket this Order Lifting Disciplinary Suspension and Order Denying Reinstatement to the Practice of Law, along with the incorporated Supplemental Findings of Fact and Conclusions of Law, as a matter coming regularly before this Court as a public record; and it is further

[¶ 9]  **ORDERED** that the Clerk of this Court transmit a copy of this Order Lifting Disciplinary Suspension and Order Denying Reinstatement to the Practice of Law to the members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 22nd day of April 2010.

BY the Court:

/s/ Barton R. Voigt
BARTON R. VOIGT
Chief Justice

### SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter came on before the Board of Professional Responsibility on October 29, 2009 by telephone conference call on William Daniel Elsom's Petition to Lift Suspension and for Reinstatement to the practice of law in Wyoming. Frank Stevens, Chairman of the Board of Professional Responsibility, presided at the hearing as the hearing officer. All members of the Board, Francis E. Stevens, Kennard F. Nelson, Joseph B. Bluemel, Rex O. Arney, Jenifer E Calkins–Scoggin, Katherine H. Tomassi and Ann Robinson, were present by phone. Rebecca Lewis appeared representing the Wyoming State Bar and Stephen H. Kline appeared representing Petitioner, William Daniel Elsom (hereinafter sometimes referred to as "Elsom"). Mr. Elsom also was present by phone. The Board having heard testimony from Mr. Elsom, having reviewed the exhibits presented at the hearing and being otherwise fully advised concerning the matter, unanimously makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Based on the testimony presented at the Hearing, the Board finds the following facts have been established by clear and convincing evidence:

1. The Findings of Fact and Conclusions of Law previously filed with the Court on May 28, 2008, are incorporated and included herein as if fully set out herein. *See Exhibit A attached hereto.*

2. There have been no changes with regard to Mr. Elsom's Wyoming license and those matters set forth in the Finding of Fact and Conclusions of Law previously filed with the Court other than since the hearing in April 2008 and the two year suspension of his Wyoming license, the State of Colorado opened an investigation concerning Mr. Elsom's conviction in 2006. Mr. Elsom has agreed to a reciprocal suspension of his Colorado license for a two year period of time, and the Colorado Supreme Court has accepted that proposed suspension. This suspension does not raise any new issues beyond those dealt with in the hearing of April 2008 before the Board of Professional Responsibility. See Exhibit B attached hereto. Mr. Elsom also has a license to practice law in the State of Texas, and he has at all times since his conviction continued to practice law in the State of Texas. Texas was made aware of Mr. Elsom's criminal conviction and the suspension of his license in the States of Wyoming and Colorado when those events occurred, and it has not taken action to discipline him.

3. Mr. Elsom is presently current on all of his CLE hours and has made the application and payments required for reinstatement pursuant to Rule 12 of the Rules of the Wyoming Board of Continuing Education, including having paid all licensing and late fees. No claims or awards from the Client Security Fund have been made related to Mr. Elsom.

4. The Board hereby recommends Mr. Elsom's reinstatement to the practice of law

### CONCLUSIONS OF LAW

I The acts resulting in Elsom's conviction were not related to the practice of law, and there was no fraud or deceit involved in the acts resulting in Elsom's conviction. The offense resulting in Elsom's conviction was not a crime of moral turpitude.

2. Pursuant to Rules 18 of the Disciplinary Code of the Wyoming State Bar, Petitioner is eligible for reinstatement in that the resumption of the practice of law will not be detrimental to the administration of justice or to the public interest.

3. Pursuant to Rule 24(g) of the Disciplinary Code for the Wyoming State Bar, Petitioner is also eligible for reinstatement. Petitioner has expressed remorse for his actions and to the extent that there is a need for rehabilitation, lie has been rehabilitated. He has substantially complied with all of the

rules of this Court and of the Federal District Court overseeing his conviction.

4. The Board of Professional Responsibility specific ally finds that Petitioner has met his burden to show by clear and convincing evidence all relevant issues of fact and law. He has shown that he has the character and fitness to practice law in Wyoming pursuant to Rule 401 of the Wyoming Rules and Procedures Governing Admission to the Practice of Law. He is competent to practice law in Wyoming and is willing to act in accordance with the standards set forth in the Wyoming Rules of Professional Conduct and to act fairly. honestly, reasonably and with unquestionable integrity in all matters in which he acts as an attorney at law. He has established by clear and convincing evidence that the resumption of the practice of law will not be detrimental to the administration of justice and the public interest.

5. Petitioner has been suspended from the practice of law for the time required by the Wyoming Supreme Court.

6. No further disciplinary action against Elsom is necessary of required.

Based on the foregoing Findings of Fact and Conclusions of Law, the Wyoming Board of Professional Responsibility concludes Elsom is eligible to be reinstated to the practice of law and recommends that the Wyoming Supreme Court reinstate Elsom's license to practice of law in the State of Wyoming contemporaneously with its receipt of this recommendation.